[No. 782.    August 28, 1899.]

TERRITORY OF NEW MEXICO ex rel. JOHN A. LEE, Executor of Last Will and Testament of WILLIAM E. TALBOTT, Deceased, Appellee, v. FRANK A. HUB-BELL, Judge of the Probate Court, Bernalillo County, Appellant.

#### SYLLABUS BY THE COURT.

PROBATE COURT—JUDGMENT, INTERLOCUTORY—APPEAL TO DISTRICT COURT, MANDAMUS TO COMPEL.—1.   Mandamus will not lie to compel an appeal to the district court from a merely interlocutory order of the probate court.

*Appeal*, from an order of the Second Judicial District Court, Bernalillo County, commanding the probate judge of Bernalillo county to grant an appeal to that court from an interlocutory order of the probate court. Reversed, and remanded, with directions.

The facts are stated in the opinion of the court.

A. B. McMILLEN for appellant.

Unless otherwise provided by statute, questions arising in legal proceedings can not be reviewed in an appellate court,

either upon appeal or exception, until a final judgment has been rendered in the court below.   2 Ency. Pl. and Pr., 52, and citations; also Huntington v. Moore, 1 N. M. 471; Branford v. Erant, Id. 579; Comp. Laws 1884, sec. 2193; Laws 1891, chap. 66, p. 123; sec. 3136, Comp. Laws 1897; Territory v. Las Vegas Grant, 27 Pac. Rep. (N. M.) 414.

A final judgment is one that leaves nothing to be judicially determined between the parties in the trial court.   2 Ency. Pl. and Pr., 53, 54; Bostwick v. Brinkerhoff, 107 U. S. 3; Benjamin v. Dubois, 118 Id. 48.

There is no appeal from an interlocutory judgment of a probate court without express statutory authority.   Cauthorne v. Weisinger, 6 Ala. 714; McAllister v. Thompson, 32 Id. 497; Jones v. Jones, 42 Id. 218; Waters v. Coke, 39 Id. 730; Brown v. Anderson, 13 Ga. 171; Eager v. Eager, 8 Ill. App. 188; Appeal of Biggs, 52 Kan. 184; Showers v. Morrill, 41 Mich. 700; Wiggle v. Owen, 43 Miss. 158; Troup v. Rice, 49 Id. 248; Dyer v. Carr, 18 Mo. 246; In re Walker, 3 Rawle (Pa.) 243; Appeal of Mitchell, 60 Pa. St. 502; Williams v. Saunders, 45 Tenn. 60; Adams v. Adams, 21 Vt. 162; In re Paten, 72 Cal. 576; Horseley v. Hopkins, 25 Ky. 53; Gray v. Grundy, Id. 133; Watts v. Jones, 5 Ky. 688; Chom v. Chom, 98 Ky.; Rieffel v. Boissiere, 4 Mart. (La.) 366; Succession of Labaure, 38 La. Ann. 235; Elliott v. Elliott, 133 Mass. 555; Appeal of Calterson, 100 Pa. St. 9; Kimball v. Kimball, 19 Vt. 579; Leach v. Leach, 50 Vt. 618; Elliott on App. Proc., sec. 84.

NEILL B. FIELD for appellee.

The district court possesses superintending control over probate courts of this territory.   Comp. Laws 1897, sec. 900; Leitensdorfer v. Webb, 1 N. M. 47; Territory v. Valdez, 1 Id. 540; In re Henriques, 5 Id. 178; Perea v. Harrison, 7 Id. 673.

The statutes of New York and Iowa give to superior tribunals superintending control over inferior courts. In each of

these jurisdictions the right of appeal such as appellee contends for, within the general limits indicated, is recognized. Beach v. Fulton Bank, 2 Wend. 225; Rowley v. Van Benthuyson, 16 Wend. 377; Taylor v. Delancy, 2 Cain Cas. 143; Richards v. Burden, 31 Ia. 305; June Pierson's Exors., 13 Id. 449.

PARKER, J.—It appears from the record that the appellee qualified in the probate court of Bernalillo county, as executor of the last will and testament of William A. Talbott, deceased, in 1888, and that thereafter the said probate court allowed the claims of certain creditors against said estate.    It further appears that no further proceedings were taken in the probate court until more than seven years thereafter, when, upon motion of some of said creditors, said probate court ordered appellee to file a report of his doings, and an account of the funds in his hands as such executor.    Appellee filed his report in compliance with said order and some of said creditors thereupon filed exceptions to the same.    Appellee then filed his motion to strike said exceptions from the files, which motion was denied.    Appellee then prayed an appeal from said order denying said motion to the district court of Bernalillo county, which appeal was denied by appellant.    Thereupon appellee sued out a writ of mandamus in said district court directed to appellant, which writ was upon hearing made peremptory and commanded the appellant to grant said appeal and to transmit the record below to the district court.    Appellant thereupon appealed to this court.

It is assumed by the parties that in the absence of a statute establishing a different rule, appeal lies from final judgments only.    It is further claimed by appellant and admitted by appellee that the judgment of the probate court in this case is not a final judgment in the sense that it may be reviewed by appeal unless the ordinary rule on the subject is modified by our statute.    But appellee contends that the provisions of our statute and the construction heretofore put

PROBATE court: judgment, interlocutory: appeal to district court, mandamus to compel.

upon the same by this court establish a different rule.    Section 900 of the Compiled Laws of 1897, is as follows:

"The district courts in the several counties in which they may be held shall have power and jurisdiction as follows: Third.—Appellate jurisdiction from judgments and orders of the probate judges and justices of the peace in all cases not prohibited by law, and shall possess a superintending control over them."

Counsel for appellee contends that the construction put upon this section of the statute by this court supports his contention that this order is appealable and cites Territory v. Valdez, 1 N. M. 533; In re Henriquez, 5 N. M. 169, and Perea v. Harrison, 7 N. M. 666.    But we do not so understand these cases.    In Territory v. Valdez, a probate judge without notice removed an administratrix and appointed a debtor of the estate as her successor.    The district court issued a writ of certiorari to the probate court and set aside such judgment and enjoined any repetition of such illegal conduct. The court in that case construed the superintending control clause of section 900 to refer to the power to use such remedies as certiorari and injunction and to be a legislative declaration of a power in the district courts of control over inferior courts which they already possessed by virtue of their general common law and chancery jurisdiction.    The courts did not discuss what were and what were not appealable judgments, nor was the same necessary in that case.    The judgment in that case was rendered by the probate court without jurisdiction and the district court properly exercised its superintending control by certiorari; and had the judgment been rendered with jurisdiction it was of such a character as to be reviewable by appeal, it being a final judgment.    In the case In re Henriquez, an administrator was removed and he sued out a writ of certiorari because the court required a bond to stay the proceedings pending appeal.    The court denied the writ for the reason that, while he was entitled to appeal, he was required to give bond in order to supersede the judgment, and this he had failed to do.    The court in that case again recog-

nized the provision concerning superintending control by the district court to refer to the power to employ such remedies as certiorari. In Perea v. Harrison, 7 N. M. 666, exceptions to a guardian's report were sustained. and the guardian appealed to the district court, but it does not appear that the question of appealability of this judgment was ever drawn in question or what was the result of the appeal. It is fair to presume, however, that if exceptions to the report were sustained a judgment was entered by the probate court charging the guardian with a sum in excess of that reported and ordering her to pay over the same. This would be a final judgment.

It seems that the provisions of section 900 refer only to the power of the district court to employ the remedies, such as certiorari, mandamus, or injunction, in exercising its superintending control over inferior courts, and in no way enlarges the scope of the uses of such remedies.

The judgment of the probate court in this case, not being a final judgment, it was error to compel by mandamus the granting of an appeal to the district court. It follows that the judgment of the district court must be reversed and the cause remanded with instructions to dismiss the writ of mandamus and remand the cause to the probate court; and it is so ordered.

Mills, C. J., and McFie, J., concur.